GailAnn Y. Stargardter (Bar No. 250749)
gstargardter@archernorris.com
Andrew J. King (Bar No. 253962)
aking@archernorris.com
ARCHER NORRIS
2033 North Main Street, Suite 800
Walnut Creek, CA  94596-3759
Telephone:     925.930.6600
Facsimile:     925.930.6620

Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMORY STUDIOS, LLC, a California limited liability company; PETER ACWORTH, an individual,<br><br>Defendant. | Case No.  3:15-cv-5124<br><br>**ATAIN SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT**<br><br>JURY DEMAND INDORSED HEREIN [Fed. R. Civ. P. 38] |

NOW COMES plaintiff ATAIN SPECIALTY INSURANCE ("Atain") and for its

Complaint for Declaratory Judgment and Reimbursement against defendant ARMORY

STUDIOS, LLC and defendant PETER ACWORTH, alleges as follows:

**INTRODUCTION**

1.      This is an action brought by Atain for declaratory judgment and reimbursement in

connection with policies of insurance issued to defendant Armory Studios, LLC.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as there is complete

diversity of citizenship between plaintiff and all defendants in this matter and the amount in

1   controversy exceeds the sum of $75,000, exclusive of interest and costs, as more fully explained

2   below.  This Court also has jurisdiction over these claims under 28 U.S.C. § 2201, the

3   Declaratory Judgment Act.

4       3.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§

5   1391 (b)(1) and (c)(2) in that the defendants reside in this district and because they are subject to

6   personal jurisdiction in this district at the time the action is commenced.  Venue is also proper in

7   this district pursuant to 28 U.S.C. § 1391 (b)(2) as a substantial part of the events giving rise to

8   the claim occurred in this district, including the underlying lawsuits involving activities that took

9   place in San Francisco, California.  In addition, the contract of insurance which is the subject of

10  this Complaint was entered into in this district.

11      4.      The intra-district assignment is proper because the underlying lawsuits which give

12  rise to this insurance coverage dispute were filed in the Superior Court of California for the

13  County of San Francisco, and concern the defendants' alleged acts and omissions relative to

14  activities that took place at locations in the City and County of San Francisco, within the intra-

15  district borders of the San Francisco Division.

16                          **PARTIES**

17      5.      Plaintiff Atain is a corporation organized and incorporated under the laws of the

18  State of Michigan with its principal place of business in Farmington Hills, Michigan.

19      6.      Defendant Armory Studios, LLC is a California limited liability company with its

20  principal place of business in San Francisco, California.  At pertinent times, Armory Studios,

21  LLC conducted business in this district.

22      7.      Defendant Peter Acworth is an individual and a resident of California, and in

23  particular, upon information and belief, a resident of San Francisco, California.  Mr. Acworth is

24  the sole and managing member of Armory Studios, LLC.

25                      **GENERAL ALLEGATIONS**

26  **A.    Issuance of the Atain Policies to Armory Studios, LLC**

27      8.      Atain issued six policies of insurance to Armory Studios, LLC for consecutive

28  policy periods from April 30, 2009 through April 30, 2016.

COMPLAINT FOR DECLARATORY               2               CASE NO. 3:15-CV-5124
JUDGMENT AND REIMBURSEMENT

1     9.     Atain issued Policy No. LGBGL72135 to Armory Studios, LLC for the policy

2     period April 30, 2009 through April 30, 2010.  The policy provides commercial general liability

3     coverage pursuant to all of the terms, conditions, limitations, exclusions, and endorsements

4     contained therein.  A true and correct copy of Policy No. LGBGL72135 is attached hereto as

5     **Exhibit A**.

6     10.     Atain issued Policy No. LGBGL72135R1 to Armory Studios, LLC for the policy

7     period April 30, 2010 through April 30, 2011.  The policy provides commercial general liability

8     coverage pursuant to all of the terms, conditions, limitations, exclusions, and endorsements

9     contained therein.  A true and correct copy of Policy No. LGBGZL72135R1 is attached hereto as

10    **Exhibit B**.

11    11.     Atain renewed the coverage issued to Armory Studios, LLC as Policy No.

12    CIP107499 for the policy period April 30, 2011 through April 30, 2012.  The renewal policy

13    provides commercial general liability coverage pursuant to all of the terms, conditions,

14    limitations, exclusions, and endorsements contained therein.  A true and correct copy of the

15    renewal certificate for Policy No. CIP107499 is attached hereto as **Exhibit C**.

16    12.     Atain renewed the coverage issued to Armory Studios, LLC as Policy No.

17    CIP133684 for the policy period April 30, 2012 through April 30, 2013.  The renewal policy

18    provides commercial general liability coverage pursuant to all of the terms, conditions,

19    limitations, exclusions, and endorsements contained therein.  A true and correct copy of the

20    renewal certificate for Policy No. CIP133684 is attached hereto as **Exhibit D**.

21    13.     Atain renewed the coverage issued to Armory Studios, LLC as Policy No.

22    CIP13368401 for the policy period April 30, 2013 through April 30, 2014.  The renewal policy

23    provides commercial general liability coverage pursuant to all of the terms, conditions,

24    limitations, exclusions, and endorsements contained therein.  A true and correct copy of the

25    renewal certificate for Policy No. CIP13368401 is attached hereto as **Exhibit E**.

26    14.     Atain renewed the coverage issued to Armory Studios, LLC as Policy No.

27    CIP13368402 for the policy period April 30, 2014 through April 30, 2015.  The renewal policy

28    provides commercial general liability coverage pursuant to all of the terms, conditions,

1   limitations, exclusions, and endorsements contained therein.  A true and correct copy of the

2   renewal certificate for Policy No. CIP13368402 is attached hereto as **Exhibit F**.

3         15.    Atain issued Policy No. CIP13368403 to Armory Studios, LLC for the policy

4   period April 30, 2015 through April 30, 2016.  The policy provides commercial general liability

5   coverage pursuant to all of the terms, conditions, limitations, exclusions, and endorsements

6   contained therein.  A true and correct copy of Policy No. CIP13368403 is attached hereto as

7   **Exhibit G**.

8         16.    Atain Policy Nos. LGBGL72135, LGBGZL72135R1, CIP107499, CIP133684,

9   CIP13368401, CIP13368402, and CIP13368403 are referred to collectively herein as the "Atain

10  Policies."

11        17.    Defendant Peter Acworth has status as an insured by definition under the Atain

12  Policies, but only as to his acts on behalf of Armory Studios, LLC, and subject to all of the terms,

13  conditions, limitations, exclusions, and endorsements contained in the Atain Policies.

14  **B.    The *John Doe* Action**

15        18.    On or about June 30, 2015, "John Doe" filed a First Amended Complaint ("FAC")

16  against Armory Studios, LLC, Peter Acworth, and several other defendants in the Superior Court

17  of California, County of San Francisco in an action styled *John Doe v. Kink.com, et al.*, Case No.

18  CGC-15-545540 (the "*Doe* Action"). A true and correct copy of the First Amended Complaint in

19  the *Doe* Action is attached hereto as **Exhibit H**.

20        19.    The *Doe* Action arises out of activities that are alleged to have taken place at the

21  San Francisco National Guard Armory and Arsenal Building, located at 1800 Mission Street in

22  San Francisco ("the Armory").  Specifically, plaintiff John Doe alleges that he sustained injuries,

23  including contracting HIV, during his performance in pornographic videos filmed at the Armory.

24        20.    The *Doe* Action FAC alleges that in 2006 Acworth purchased the Armory—a

25  200,000 square foot 1914 reproduction of a Moorish Castle—for the purpose of transacting

26  business in the internet pornography and pornographic film industries. (Ex. H, FAC, ¶8.)

27  Plaintiff Doe avers that in 2007 it was announced that Armory Studios, LLC owned the Armory.

28  (*Doe* FAC, ¶8.)

1      21.    John Doe contends that Armory Studios, LLC and/or Acworth leased the Armory

2 building to Cybernet Entertainment, LLC, Kink Studios, LLC, Kink.com and/or Kinkmen.com,

3 each of which transacted business in the internet pornography and pornographic film industries.

4 (*Doe* FAC, ¶9, ¶¶2-5.)

5      22.    The *Doe* FAC avers that Acworth is also the owner of Cybernet Entertainment,

6 LLC, Kink Studios, LLC, Kink.com and/or Kinkmen.com. (*Doe* FAC, ¶12.)

7      23.    John Doe alleges that from November 7, 2011 to May 3, 2013, he performed in

8 pornographic videos for the defendants to the *Doe* Action.  (*Doe* FAC, ¶26.)  Doe avers that he

9 was subjected to unsafe work practices at the Armory, including that: the use of condoms or other

10 forms of protection during the shoots was not required; he and other models/actors were required

11 to engage in unprotected sex acts with other models/actors despite knowing of the existence of

12 open wounds; and he and other actors/models were required to engage in unprotected sexual acts

13 with members of the general public who gained access to the shoots by invitation or through

14 tours. (*Doe* FAC, ¶¶31-41, 47-51.)

15      24.    The *Doe* FAC asserts that John Doe contracted HIV during a May 3, 2013 shoot at

16 the Armory. (*Doe* FAC, ¶¶44-50, 53, 55.)  John Doe learned he was HIV positive on June 3,

17 2013, and received confirmatory test results on June 10, 2013.  (*Id.* at ¶53.)  He alleges that he

18 subsequently contacted the Kink defendants and notified them of his diagnosis. (*Id.* at ¶56.)

19      25.    The *Doe* FAC asserts causes of action against Armory Studios, LLC and Peter

20 Acworth for Negligence; Negligence Per Se; Intentional/Fraudulent Misrepresentation; Civil

21 Conspiracy to Commit Intentional/Fraudulent Misrepresentation; Breach of the Implied Covenant

22 of Good Faith and Fair Dealing; Negligent Supervision; Negligent Hiring and Retention;

23 Intentional Infliction of Emotional Distress; Premises Liability; and Battery.

24      26.    The *Doe* FAC's general allegations, contained in Paragraphs 1-78 of the *Doe* FAC,

25 are incorporated by reference into each cause of action.

26      27.    The *Doe* Action seeks compensatory damages, including damages for medical

27 treatment, emotional distress, punitive damages, interest and attorneys' fees.

28

C.     **The *Rodgers* Action**

28.     On or about July 24, 2015, Joshua Rodgers filed a Complaint for Damages against Armory Studios, LLC, Peter Acworth, and several other defendants in the Superior Court of California, County of San Francisco in an action styled *Joshua Rodgers v. Kink.com, et al.*, Case No. CGC-15-547036 (the "*Rodgers* Action"). A true and correct copy of the Complaint in the *Rodgers* Action is attached hereto as **Exhibit I**.

29.     The *Rodgers* Action arises out of activities that are alleged to have taken place at the Armory.  Specifically, plaintiff Joshua Rodgers alleges that he sustained injuries, including contracting HIV, during his performance in pornographic videos filmed at the Armory.

30.     The *Rodgers* Complaint alleges that in 2006 Acworth purchased the Armory—a 200,000 square foot 1914 reproduction of a Moorish Castle—for the purpose of transacting business in the internet pornography and pornographic film industries. (Ex. I, *Rodgers* Complaint, ¶9.)  Rodgers avers that in 2007 it was announced that Armory Studios, LLC owned the Armory. (*Rodgers* Complaint, ¶9.)

31.     Rodgers contends that Armory Studios, LLC and/or Acworth leased the Armory building to Cybernet Entertainment, LLC, Kink Studios, LLC, Kink.com, TSSeduction.com, and/or Kinkmen.com, each of which transacted business in the internet pornography and pornographic film industries. (*Rodgers* Complaint, ¶10, ¶¶2-6.)

32.     The *Rodgers* Complaint avers that Acworth is also the owner of Cybernet Entertainment, LLC, Kink Studios, LLC, Kink.com, TSSeduction.com, and/or Kinkmen.com. (*Rodgers* Complaint, ¶13.)

33.     Joshua Rodgers alleges at all relevant times, he performed in pornographic videos for internet broadcast for the defendants to the *Rodgers* Action.  (*Rodgers* Complaint, ¶26.) Rodgers avers that he was subjected to unsafe work practices at the Armory, including that: the use of condoms or other forms of protection during the shoots was not required; he and other models/actors were required to engage in unprotected sex acts with other models/actors; and he and other actors/models were required to engage in unprotected sexual acts with members of the general public who gained access to the shoots by invitation. (*Rodgers* Complaint, ¶¶35-42.)

6

34.     Rodgers alleges that he tested negative for HIV on July 11, 2013. (*Rodgers* Complaint, ¶¶38.)

35.     The *Rodgers* Complaint asserts that Rodgers was subsequently forced to engage in unprotected sexual activity on July 28, 2013, July 29, 2013, and August 1, 2013. (*Rodgers* Complaint, ¶¶35-42.)

36.     Rodgers avers that on or about August 29, 2013, he tested positive for HIV. (*Rodgers* Complaint, ¶¶43.)

37.     The *Rodgers* Complaint asserts causes of action against Armory Studios, LLC and Peter Acworth for Negligence; Negligence Per Se; Intentional/Fraudulent Misrepresentation; Civil Conspiracy to Commit Intentional/Fraudulent Misrepresentation; Breach of the Implied Covenant of Good Faith and Fair Dealing; Negligent Supervision; Negligent Hiring and Retention; Intentional Infliction of Emotional Distress; and Premises Liability.

38.     The *Rodgers* Complaint's general allegations, contained in Paragraphs 1-65 of the *Rodgers* Complaint, are incorporated by reference into each cause of action.

39.     The *Rodgers* Action seeks compensatory damages, including damages for medical treatment, emotional distress, punitive damages, interest and attorneys' fees.

**D.     The *Adams* Action**

40.     On or about July 24, 2015, Cameron Adams filed a Complaint for Damages against Armory Studios, LLC, Peter Acworth, and several other defendants in the Superior Court of California, County of San Francisco in an action styled *Cameron Adams v. Kink.com, et al.*, Case No. CGC-15-547035 (the "*Adams* Action"). A true and correct copy of the Complaint in the *Adams* Action is attached hereto as **Exhibit J**.

41.     The *Adams* Action arises out of activities that are generally alleged to have taken place at the Armory and at another offsite location away from the premises owned by Armory Studios, LLC.  The specific allegations in the *Adams* Complaint allege that Adams sustained injuries at a bar located in the Mission District of San Francisco. Adams avers that she sustained injuries, including contracting HIV, during her performance in pornographic videos for the defendants to the *Adams* Action.

42.     The *Adams* Complaint alleges that in 2006 Acworth purchased the Armory—a 200,000 square foot 1914 reproduction of a Moorish Castle—for the purpose of transacting business in the internet pornography and pornographic film industries. (Ex. I, *Adams* Complaint, ¶8.)  Adams avers that in 2007 it was announced that Armory Studios, LLC owned the Armory. (*Adams* Complaint, ¶8.)

43.     Adams contends that Armory Studios, LLC and/or Acworth leased the Armory building to Cybernet Entertainment, LLC, Kink Studios, LLC, Kink.com and/or Publicdisgrace.com, each of which transacted business in the internet pornography and pornographic film industries. (*Adams* Complaint, ¶9, ¶¶2-5.)

44.     The *Adams* Complaint avers that Acworth is also the owner of Cybernet Entertainment, LLC, Kink Studios, LLC, Kink.com and/or Publicdisgrace.com. (*Adams* Complaint, ¶14.)

45.     Cameron Adams alleges that on July 31, 2013, she performed in a pornographic video for the defendants to the *Rodgers* Action, filmed at the Armory and at a bar/club known as "SUB-Mission," located at 2183 Mission Street in San Francisco.  (*Adams* Complaint, ¶¶28, 10.) Adams avers that she was subjected to unsafe work practices, including that: the use of condoms or other forms of protection during the shoots was not required; she and other models/actors were required to engage in unprotected sex acts with other models/actors despite knowing of the existence of open wounds; and she and other actors/models were required to engage in unprotected sexual acts with members of the general public who gained access to the shoots by invitation. (*Adams* Complaint, ¶¶28-35, 38-42.)

46.     The *Adams* Complaint asserts that Ms. Adams sustained physical injuries during rough sex acts that took place during the July 31, 2013 video shoot at the SUB-Mission club at 2183 Mission Street. (*Adams* Complaint, ¶¶28-35, 45-47.)  Adams avers that during the July 31, 2013 shoot, her left breast was hit so hard that it dislodged her implant from its original location and shifted it out toward her rib cage.  (*Id.* at ¶45.)  She was advised that she would require capsulectomy surgery to repair the damage done to her left breast during the July 31, 2013 shoot and address the scar tissue and nerve damage that had developed. (*Id.* at ¶47.)

47.     Adams alleges that she was diagnosed with HIV shortly after the July 31, 2013 shoot. (*Adams* Complaint, ¶¶48-49.)  Adams underwent a full panel of testing for STDs and HIV on August 19, 2013 and learned she was HIV positive on August 21, 2013.  (*Ibid.*)

48.     The *Adams* Complaint asserts causes of action against Armory Studios, LLC and Peter Acworth for Negligence; Negligence Per Se; Intentional/Fraudulent Misrepresentation; Civil Conspiracy to Commit Intentional/Fraudulent Misrepresentation; Breach of the Implied Covenant of Good Faith and Fair Dealing; Negligent Supervision; Negligent Hiring and Retention; Intentional Infliction of Emotional Distress; Premises Liability; and Battery.

49.     The *Adams* Complaint's general allegations, contained in Paragraphs 1-65 of the *Adams* Complaint, are incorporated by reference into each cause of action.

50.     The *Adams* Action seeks compensatory damages, including damages for medical treatment, emotional distress, punitive damages, interest and attorneys' fees.

**E.     The Atain Policy Provisions**

51.     The Atain Policies issued from April 30, 2009 through April 30, 2015 provide commercial general liability coverage under Commercial General Liability Coverage Form CG 0001 (12/07).  Policy No. CIP248269, which was issued effective April 30, 2015, provides general liability coverage under Commercial General Liability Coverage Form CG 00 01 (04/13).

52.     The Insuring Agreement contained in both of these coverage forms includes the following pertinent provisions:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.     Insuring Agreement**
>
> > a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

* * *

    b.   This insurance applies to "bodily injury" and "property damage" only if:

        (1)   The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2)   The "bodily injury" or "property damage" first occurs during the policy period; and

        (3)   Prior to the policy period no insured listed under Paragraph 1. of Section II—Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

    d.   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II—Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        (1)   Reports all, or part, of the "bodily injury" or "property damage" to us or any other insurer;

        (2)   Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        (3)   Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

    53.    The Atain Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

    54.    The Atain Policies define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

55. The Insuring Agreement contained in both of these coverage forms also includes the following provisions pertaining to "Personal and Advertising Injury Liability":

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" for "personal and advertising injury" to which this insurance does not apply….

\* \* \*

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your businesses but only if the offense was committed in the "coverage territory" during the policy period.

56. The Atain Policies define "personal and advertising injury" as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

a. false arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

57. The Atain Policies include the following provision within "Section II—WHO IS AN INSURED," included in each of the Atain Policies:

**1.** If you are designated in the Declarations as:

\* \* \*

**c.** A limited liability company, you are an insured. Your

members are also insureds, but only with respect to the conduct of your business. Your managers are also insureds, but only with respect to their duties as your managers.

\* \* \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

\* \* \*

58. Each of the Atain Policies include the following provisions by endorsement:

**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following coverage parts if those coverage parts are included in your policy:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**VIII.   PHYSICAL-SEXUAL ABUSE EXCLUSION**

This insurance does not apply to any "occurrence", suit, liability, claim, demand or causes of action arising out of or resulting from the physical abuse, sexual abuse, or licentious, immoral or sexual behavior intended to lead to or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by:

    a.  The insured or the insured's employees;

    b.  Patrons of the insureds' business;

    c.  Agents of the insured;

    d.  Volunteer workers;

    e.  Subcontractor or employee of any subcontractor;

    f.  Independent contractor or employee of any independent contractor, or

    g.  Leased worker.

59. Atain Policy Nos. LGBGL72135, LGBGL72135R1, CIP107499, CIP133684, CIP13368401, and CIP13368402 include the following provision by endorsement:

**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following coverage parts if those coverage parts are included in your policy:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

* * *

## II.   PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

This insurance does not apply to punitive or exemplary damages, fines, or penalties. If a covered "suit" is brought against the insured, seeking both compensatory and punitive or exemplary damages, fines, or penalties, then we will afford defense to such action, without liability, for such punitive or exemplary damages, fines or penalties.

* * *

## X.   Assault and Battery Exclusion

This insurance does not apply under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY arising from:

1.   Assault and Battery committed by any insured, any employee of the insured, or any other person.

2.   The failure to suppress or prevent Assault and Battery by any person in 1. above.

3.   Any Assault and Battery resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the insured.

4.   Assault or Battery, whether or not caused by or arising out of negligent, reckless, or wanton conduct of the insured, the insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the insured, or by any other person.

60.   The Atain Policies include the following provisions, added by endorsement to each of the policies:

**EMPLOYEES, SUBCONTRACTORS, INDEPENDENT CONTRACTORS, LEASED WORKERS OR VOLUNTEERS**

This endorsement modifies insurance provided under the following Coverage Forms:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

* * *

I.   Exclusion **e., Employer's Liability** in Part **2, Exclusions of SECTION I—   COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGES LIABILITY** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following:

**e.**   **Employer's Liability:**

1.   "Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and in the course of any employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity.

2.   Any obligation of the insured to indemnify or contribute with another because of damages arising out of "bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and in the course of any employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity.

\* \* \*

This exclusion applies to all causes of action arising out of "bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" by any person or organization for damages because of "bodily injury" including care and loss of services.

\* \* \*

61.   Each of the Atain Policies includes the following provision, added by endorsement:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Premises:** 1800 Mission Street
San Francisco, CA 94103

**Project:**

\* \* \*

This insurance applies only to "bodily injury," "property damage,' "personal injury," "advertising injury" and medical expenses arising out of:

1.  The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.  The project shown in the schedule.

62.  Atain Policy No. CIP248269  includes the following provision by endorsement:

**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

\* \* \*

**XI.   ANTI-STACKING AND NONDUPLICATION OF LIMITS OF INSURANCE**

If any Coverage Form, Coverage Part or policy issued to you by us or any company affiliated with us apply to the same claim for expenses or damages, the maximum Limit of Insurance for Liability Coverage under all of the Coverage Forms,   Coverage Parts or policies shall not exceed the highest applicable Limit of Insurance available under any one Coverage Form, Coverage Part of policy.

This endorsement does not apply to any Coverage Form, Coverage Part of policy issued by us or an affiliated company specifically to apply as excess insurance over this policy.

63.    The Atain Policies include the following provisions regarding the limits of insurance:

**SECTION III—LIMITS OF INSURANCE**

1.  The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a.   Insureds;

   b.   Claims made or "suits" brought; or

   c.   Persons or organizations making claims or bringing "suits".

2.  The General Aggregate Limit is the most we will pay for the sum of:

   a.   Medical expenses under Coverage C;

   b.   Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c.   Damages under Coverage B.

3.  The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage"  included in the "products-completed operations hazard".

* * *

4.   Subject to Paragraph 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5.   Subject to Paragraph 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

a.   Damages under Coverage A; and

b.   Medical expenses under Coverage C

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

* * *

7.   Subject to Paragraph 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

* * *

**F.   <u>Armory's Tender of Defense of Underlying Actions</u>**

64.   On or about July 22, 2015, Armory Studios, LLC tendered its defense and indemnity with respect to the *Doe* Action to Atain.

65.   On or about August 4, 2015, Armory Studios, LLC tendered its defense and indemnity with respect to the *Rodgers* Action and the *Adams* Action to Atain.

66.   Atain acknowledged the tenders and requested additional information from the insured on or about July 28, 2015 and August 11, 2015.

67.   Atain accepted the defense of Armory Studios, LLC and Peter Acworth to the claims asserted in the *Doe* Action by letter dated August 25, 2015, subject to a reservation of Atain's rights to contend that it owes no duty to defend or indemnify the insureds, for the reasons stated in its letter.  By its letter, Atain declined coverage for the cause of action for Battery asserted in the *Doe* FAC, based upon the Assault and Battery exclusion in the Atain Policies. Atain also reserved its right to seek reimbursement of all fees, costs, and indemnity incurred or to

1  be incurred in connection with the *Doe* Action. A true and correct copy of Atain's August 25,

2  2015 reservation of right letter regarding the *Doe* Action is attached hereto as **Exhibit K**.

3        68.    Atain accepted the defense of Armory Studios, LLC and Peter Acworth to the

4  claims asserted in the *Rodgers* Action by letter dated August 25, 2015, subject to a reservation of

5  Atain's rights to contend that it owes no duty to defend or indemnify the insureds, for the reasons

6  stated in its letter.  Atain also reserved its right to seek reimbursement of all fees, costs, and

7  indemnity incurred or to be incurred in connection with the *Rodgers* Action. A true and correct

8  copy of Atain's August 25, 2015 reservation of right letter regarding the *Rodgers* Action is

9  attached hereto as **Exhibit L**.

10        69.    Atain accepted the defense of Armory Studios, LLC and Peter Acworth to the

11  claims asserted in the *Adams* Action by letter dated August 25, 2015, subject to a reservation of

12  Atain's rights to contend that it owes no duty to defend or indemnify the insureds, for the reasons

13  stated in its letter. By its letter, Atain declined coverage for the cause of action for Battery

14  asserted in the *Adams* Complaint, based upon the Assault and Battery exclusion in the Atain

15  Policies.  Atain also reserved its right to seek reimbursement of all fees, costs, and indemnity

16  incurred or to be incurred in connection with the *Adams* Action. A true and correct copy of

17  Atain's August 25, 2015 reservation of right letter regarding the *Adams* Action is attached hereto

18  as **Exhibit M**.

19        70.    Although Atain accepted the defense of the *Doe*, *Rodgers*, and *Adams* Actions

20  under reservations of rights, Atain expressly waived its right to assert the following coverage

21  defenses in these matters:  (1) failure of the claims asserted against Armory Studios, LLC or

22  Acworth to fall within the Coverage A insuring agreement due to lack of an "occurrence" or

23  "accident"; and (2) the Expected or Intended Injury exclusion.

24        71.    A dispute has arisen between Atain, on the one hand, and Armory Studios, LLC

25  and Peter Acworth on the other, regarding the coverage afforded under the Atain Policies.  Atain

26  believes that it has no duty to defend or indemnify Armory Studios, LLC and Peter Acworth

27  under the Atain Policies with respect to the claims asserted in the *Doe*, *Rodgers*, and *Adams*

28  Actions (collectively, the "Underlying Actions").

COMPLAINT FOR DECLARATORY
JUDGMENT AND REIMBURSEMENT

17

CASE NO. 3:15-CV-5124

72.     Atain is informed and believes that Armory Studios, LLC and Peter Acworth contend that Atain is obligated to defend them in the Underlying Actions pursuant to the Atain Policies and to indemnify them if they are adjudged liable to the plaintiffs in the Underlying Actions.

73.     Atain contends that it has no duty to defend or indemnify Armory Studios, LLC and Peter Acworth under the Atain Policies.

74.     An actual controversy has arisen and now exists between Atain, on the one hand, and Armory Studios, LLC and Peter Acworth on the other, concerning their respective rights and obligations under the Atain Policies and relative to the Underlying Actions.

75.     Upon information and belief, the plaintiffs in the Underlying Actions seek to recover amounts from Armory Studios, LLC and Peter Acworth in the Underlying Actions that exceed the jurisdictional minimum applicable to Atain's claims in this action.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment—No Duty to Defend Defendants in *Doe* Action)

76.     For its first cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1 to 75 above.

77.     In order to fall within the scope of the Coverage A insuring agreement contained in each of the Atain Policies, the "bodily injury" must occur during the policy period, and prior to that policy period, no insured or authorized employee of the insured must know that the "bodily injury" had occurred, or begun to occur, in whole or in part.  Under the terms of the Coverage A insuring agreement, if the insured and its authorized employee knew, prior to the policy period, that the "bodily injury" had occurred, then any continuation, change or resumption of that "bodily injury" during or after the policy period will be deemed to have been known by the insured prior to the policy period.

78.     The *Doe* FAC alleges that John Doe learned of his HIV diagnosis in June of 2013. The *Doe* FAC alleges that John Doe reported his diagnosis to the defendants no later than August of 2013.  Accordingly, under the terms of the Coverage A insuring agreement, all of the claims asserted against Armory Studios, LLC and Peter Acworth are deemed to have occurred during the

1   April 30, 2013-2014 policy period, that policy designated as Atain Policy No. CIP18368401.

2        79.    For the foregoing reasons, the claims asserted against Armory Studios, LLC and

3   Acworth do not fall within the insuring agreements of Atain Policy Nos. LGBGL72135,

4   LGBGL72135R1, CIP107499, or CIP133684, those policies covering the policy periods of April

5   30, 2009 –April 30, 2013.

6        80.    For the foregoing reasons, the existence, continuation or worsening of John Doe's

7   condition falls outside the scope of the Coverage A insuring agreement in Policy No.

8   CIP13368402, which applies to the April 30, 2014-2015 policy period and Policy No.

9   CIP248269, which applied to the April 30, 2015-2016 policy period.

10        81.    For the reasons outlined above, Atain contends that it has no duty to defend

11   Armory Studios, LLC or Peter Acworth in the *Doe* Action under Atain Policy Nos.

12   LGBGL72135, LGBGL72135R1, CIP107499, CIP133684, CIP13368402, or CIP248269.

13        82.    Each of the Atain Policies includes a "Physical and Sexual Abuse" exclusion,

14   which precludes coverage for suits, liability, claims and causes of action "arising out of or

15   resulting from . . . sexual behavior intended to lead to or culminating in any sexual act, whether

16   caused by, or at the instigation of, or at the direction of, or omission by . . . the insured or the

17   insured's employees; . . . [p]atrons of the insured's business" or agents of the insured.

18        83.    The *Doe* FAC asserts that Armory Studios, LLC and Mr. Acworth in his capacity

19   as the sole member of Armory Studios, LLC are liable for the sexual acts which resulted in the

20   harm to John Doe.  The *Doe* FAC also asserts that John Doe contracted HIV from being forced to

21   engage in sexual acts with patrons of the Armory. Accordingly, the Physical and Sexual Abuse

22   exclusion in each of the Atain Policies applies to eliminate any potential or actual coverage for

23   the claims asserted in the *Doe* FAC.

24        84.    For the foregoing reasons, Atain contends that it has no duty to defend Armory

25   Studios, LLC or Peter Acworth in the *Doe* Action under any of the Atain Policies.

26        85.    Atain Policy Nos. LGBGL72135, LGBGL72135R1, CIP107499, CIP133684,

27   CIP13368401, and CIP13368402 exclude coverage for "bodily injury" arising from assault and

28   battery committed by the insured or any other person, the failure to prevent assault and battery by

1  the insured or any other person, assault and battery arising from the negligent hiring, supervision,

2  or training of the insured's employees, and assault and battery arising out of the negligent,

3  reckless or wanton conduct of the insured, the insured's patrons, or any other persons at or near

4  the premises owned or occupied by the insured.

5      86.    The *Doe* FAC asserts a cause of action for Battery against Armory Studios, LLC

6  and Acworth.  The Assault and Battery exclusion applies to bar coverage for John Doe's cause of

7  action for Battery.

8      87.    For the foregoing reasons, Atain contends that it has no duty to defend Armory

9  Studios, LLC or Peter Acworth in the *Doe* Action under the Atain Policies.

10     88.    The Atain policies preclude coverage for "bodily injury" to an "employee",

11 subcontractor, employee of any subcontractor, "independent contractor", employee of any

12 "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and

13 in the course of any employment by, or service to, the insured for which the insured may be held

14 liability as an employer or in any other capacity.

15     89.    The *Doe* FAC alleges that John Doe was employed by, or contracted with, Armory

16 Studios, LLC.

17     90.    To the extent that John Doe was an "employee", subcontractor, employee of any

18 subcontractor, "independent contractor", employee of any "independent contractor", "leased

19 worker" or "volunteer worker" of Armory Studios, LLC at the time he sustained "bodily injury"

20 alleged in the *Doe* FAC, the Employer's Liability exclusion, as modified by the Employees,

21 Subcontractors, Independent Contractors, Leased Workers or Volunteers endorsement, eliminates

22 any potential or actual coverage for the claims asserted in the *Doe* Action.

23     91.    For the foregoing reasons, Atain contends that it has no duty to defend Armory

24 Studios, LLC or Peter Acworth in the *Doe* Action under any of the Atain Policies.

25     92.    The Atain Policies provide "personal and advertising liability" coverage, caused

26 by one or more specifically enumerated offenses, pursuant to the Coverage B insuring agreement.

27     93.    The claims asserted against Armory Studios, LLC and Peter Acworth in the *Doe*

28 Action do not fall within the Atain Policies' Coverage B insuring agreement because they do not

constitute claims arising out of any of the enumerated "offenses" that comprise "personal and advertising injury" as defined in the Atain Policies. As a result, there is no potential for coverage under this portion of the Atain Policies.

94.    For the foregoing reasons, Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Doe* Action under any of the Atain Policies.

95.    An actual controversy has arisen and now exists between Atain, on the one hand, and Armory Studios, LLC and Peter Acworth, on the other hand, concerning their respective rights and duties under the Atain Policies and applicable law. Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Doe* Action. Atain is informed and believes that Armory Studios, LLC and Peter Acworth dispute all of Atain's contentions and that Armory Studios, LLC and Peter Acworth contend that Atain is obligated to afford them a defense pursuant to the terms of the Atain Policies.

96.    Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend Armory Studios, LLC or Peter Acworth with respect to any claim against them in the *Doe* Action.

97.    Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain, Armory Studios, LLC, and Peter Acworth may ascertain their respective rights and duties under the Atain Policies. Such controversy is incapable of resolution without judicial adjudication.

98.    If the Court determines there is coverage under the Atain Policies for some, but not all, of the claims asserted against Armory Studios, LLC and Peter Acworth in the *Doe* Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if any, and reserves the right to seek reimbursement from Armory Studios, LLC and Peter Acworth of any defense expenditures allocated to non-covered claims.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment—No Duty to Indemnify Defendants in *Doe* Action)

99.    For its second cause of action, Atain incorporates herein by reference, as if fully

1   restated, paragraphs 1 to 98 above

2       100.    For the reasons set forth above, the Atain Policies do not afford coverage for any

3   potential judgment that may be rendered against Armory Studios, LLC or Peter Acworth in the

4   *Doe* Action or for any settlement that might be entered in connection therewith.  Therefore, the

5   claims asserted against Armory Studios, LLC and Peter Acworth in the *Doe* Action do not trigger

6   a duty to indemnify either Armory Studios, LLC or Peter Acworth.

7       101.    In addition, the *Doe* FAC asserts a claim for punitive damages against Armory

8   Studios, LLC and Peter Acworth.  California Insurance Code section 533 and the "Punitive

9   Damages" exclusion contained in Atain Policy Nos.  LGBGL72135, LGBGL72135R1,

10   CIP107499, CIP133684, CIP13368401, and CIP13368402, preclude Atain from indemnifying

11   Armory Studios, LLC or Peter Acworth against an award of punitive damages.  Atain has no duty

12   to indemnify Armory Studios, LLC or Peter Acworth against an award of punitive damages as a

13   matter of law.

14       102.    An actual controversy has arisen and now exists between Atain, on the one hand,

15   and Armory Studios, LLC and Peter Acworth, on the other hand, concerning their respective

16   rights and duties under the Atain Policies and applicable law.  Atain denies that it is obligated to

17   indemnify Armory Studios, LLC or Peter Acworth in the *Doe* Action, or otherwise.  Atain

18   contends that coverage for indemnification of Armory Studios, LLC and Peter Acworth is

19   precluded by reason of the terms, conditions, provisions, definitions, limitations and exclusions

20   set forth within the Atain Policies. Atain further contends that it is not obligated to pay any

21   portion of any settlement or judgment that may be rendered against Armory Studios, LLC or

22   Peter Acworth in the *Doe* Action.

23       103.    Atain is informed and believes that Armory Studios, LLC and Peter Acworth

24   dispute all of Atain's contentions and that Armory Studios, LLC and Peter Acworth contend that

25   Atain is obligated to indemnify them with respect to the *Doe* Action.

26       104.    Atain therefore desires a judicial determination of its rights and liabilities, if any,

27   and a declaration that it has no duty to indemnify Armory Studios, LLC or Peter Acworth.

28       105.    Such declaration is necessary and appropriate because Atain has no plain, speedy

1   or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

2   Such a declaration is appropriate in order that Atain, Armory Studios, LLC, and Peter Acworth

3   may ascertain their respective rights and duties under the Atain Policies.  Such controversy is

4   incapable of resolution without judicial adjudication.

5        106.    If the Court determines there is coverage under the Atain Policies for some, but not

6   all, of the claims asserted against Armory Studios, LLC and Peter Acworth in the *Doe* Action,

7   Atain is entitled to and desires an allocation between covered and non-covered claims for

8   payment of any settlement or judgment.

9                                    **THIRD CAUSE OF ACTION**

10      **(Declaratory Judgment – No Duty to Defend Defendants in *Rodgers* Action)**

11       107.    For its third cause of action, Atain incorporates herein by reference, as if fully

12   restated, paragraphs 1 to 75 above.

13       108.    In order to fall within the scope of the Coverage A insuring agreement contained

14   in each of the Atain Policies, the "bodily injury" must occur during the policy period, and prior to

15   that policy period, no insured or authorized employee of the insured must know that the "bodily

16   injury" had occurred, or begun to occur, in whole or in part.  Under the terms of the Coverage A

17   insuring agreement, if the insured and its authorized employee knew, prior to the policy period,

18   that the "bodily injury" had occurred, then any continuation, change or resumption of that "bodily

19   injury" during or after the policy period will be deemed to have been known by the insured prior

20   to the policy period.

21       109.    The *Rodgers* Complaint alleges that Joshua Rodgers learned of his HIV diagnosis

22   in August of 2013.  The allegations in the *Rodgers* Complaint indicate that Rodgers reported his

23   diagnosis to the defendants, or that the defendants were otherwise notified of his diagnosis, prior

24   to February of 2014. Accordingly, under the terms of the Coverage A insuring agreement, all of

25   the claims asserted against Armory Studios, LLC and Peter Acworth are deemed to have occurred

26   during the April 30, 2013-2014 policy period, that policy designated as Atain Policy No.

27   CIP18368401.

28       110.    For the foregoing reasons, the claims asserted against Armory Studios, LLC and

1   Acworth do not fall within the insuring agreements of Atain Policy Nos. LGBGL72135,

2   LGBGL72135R1, CIP107499, or CIP133684, those policies covering the policy periods of April

3   30, 2009 –April 30, 2013.

4        111.   For the foregoing reasons, the existence, continuation or worsening of Joshua

5   Rodgers's condition falls outside the scope of the Coverage A insuring agreement in Policy No.

6   CIP13368402, which applies to the April 30, 2014-2015 policy period and Policy No.

7   CIP248269, which applied to the April 30, 2015-2016 policy period.

8        112.   For the reasons outlined above, Atain contends that it has no duty to defend

9   Armory Studios, LLC or Peter Acworth in the *Rodgers* Action under Atain Policy Nos.

10   LGBGL72135, LGBGL72135R1, CIP107499, CIP133684, CIP13368402, or CIP248269.

11        113.   Each of the Atain Policies includes a "Physical and Sexual Abuse" exclusion,

12   which precludes coverage for suits, liability, claims and causes of action "arising out of or

13   resulting from . . . sexual behavior intended to lead to or culminating in any sexual act, whether

14   caused by, or at the instigation of, or at the direction of, or omission by . . . the insured or the

15   insured's employees; . . . [p]atrons of the insured's business" or agents of the insured.

16        114.   The *Rodgers* Complaint asserts that Armory Studios, LLC and Mr. Acworth in his

17   capacity as the sole member of Armory Studios, LLC are liable for the sexual acts which resulted

18   in the harm to Joshua Rodgers.  The *Rodgers* Complaint also asserts that Joshua Rodgers

19   contracted HIV from being forced to engage in sexual acts with patrons of the Armory.

20   Accordingly, the Physical and Sexual Abuse exclusion in each of the Atain Policies applies to

21   eliminate any potential or actual coverage for the claims asserted in the *Rodgers* Complaint.

22        115.   For the foregoing reasons, Atain contends that it has no duty to defend Armory

23   Studios, LLC or Peter Acworth in the *Rodgers* Action under any of the Atain Policies.

24        116.   The Atain policies preclude coverage for "bodily injury" to an "employee",

25   subcontractor, employee of any subcontractor, "independent contractor", employee of any

26   "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and

27   in the course of any employment by, or service to, the insured for which the insured may be held

28   liability as an employer or in any other capacity.

117.   The *Rodgers* FAC alleges that Joshua Rodgers was employed by, or contracted with, Armory Studios, LLC.

118.   To the extent that Joshua Rodgers was an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of Armory Studios, LLC at the time he sustained "bodily injury" alleged in the *Rodgers* Complaint, the Employer's Liability exclusion, as modified by the Employees, Subcontractors, Independent Contractors, Leased Workers or Volunteers endorsement, eliminates any potential or actual coverage for the claims asserted in the *Rodgers* Action.

119.   For the foregoing reasons, Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Rodgers* Action under any of the Atain Policies.

120.   The Atain Policies provide "personal and advertising liability" coverage, caused by one or more specifically enumerated offenses, pursuant to the Coverage B insuring agreement.

121.   The claims asserted against Armory Studios, LLC and Peter Acworth in the *Rodgers* Action do not fall within the Atain Policies' Coverage B insuring agreement because they do not constitute claims arising out of any of the enumerated "offenses" that comprise "personal and advertising injury" as defined in the Atain Policies.  As a result, there is no potential for coverage under this portion of the Atain Policies.

122.   For the foregoing reasons, Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Rodgers* Action under any of the Atain Policies.

123.   An actual controversy has arisen and now exists between Atain, on the one hand, and Armory Studios, LLC and Peter Acworth, on the other hand, concerning their respective rights and duties under the Atain Policies and applicable law.  Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Rodgers* Action.  Atain is informed and believes that Armory Studios, LLC and Peter Acworth dispute all of Atain's contentions and that Armory Studios, LLC and Peter Acworth contend that Atain is obligated to afford them a defense pursuant to the terms of the Atain Policies.

124.   Atain therefore desires a judicial determination of its rights and liabilities, if any,

1  and a declaration that it has no duty to defend Armory Studios, LLC or Peter Acworth with

2  respect to any claim against them in the *Rodgers* Action.

3       125.  Such declaration is necessary and appropriate because Atain has no plain, speedy

4  or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

5  Such a declaration is appropriate in order that Atain, Armory Studios, LLC, and Peter Acworth

6  may ascertain their respective rights and duties under the Atain Policies.  Such controversy is

7  incapable of resolution without judicial adjudication.

8       126.  If the Court determines there is coverage under the Atain Policies for some, but not

9  all, of the claims asserted against Armory Studios, LLC and Peter Acworth in the *Rodgers*

10  Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if

11  any, and reserves the right to seek reimbursement from Armory Studios, LLC and Peter Acworth

12  of any defense expenditures allocated to non-covered claims.

13  **<u>FOURTH CAUSE OF ACTION</u>**

14  **(Declaratory Judgment – No Duty to Indemnify Defendants in *Rodgers* Action)**

15       127.  For its fourth cause of action, Atain incorporates herein by reference, as if fully

16  restated, paragraphs 1 to 75 and 107 to 126, above

17       128.  For the reasons set forth above, the Atain Policies do not afford coverage for any

18  potential judgment that may be rendered against Armory Studios, LLC or Peter Acworth in the

19  *Rodgers* Action or for any settlement that might be entered in connection therewith.  Therefore,

20  the claims asserted against Armory Studios, LLC and Peter Acworth in the *Rodgers* Action do not

21  trigger a duty to indemnify either Armory Studios, LLC or Peter Acworth.

22       129.  In addition, the *Rodgers* Complaint asserts a claim for punitive damages against

23  Armory Studios, LLC and Peter Acworth.  California Insurance Code section 533 and the

24  "Punitive Damages" exclusion contained in Atain Policy Nos.  LGBGL72135, LGBGL72135R1,

25  CIP107499, CIP133684, CIP13368401, and CIP13368402, preclude Atain from indemnifying

26  Armory Studios, LLC or Peter Acworth against an award of punitive damages.  Atain has no duty

27  to indemnify Armory Studios, LLC or Peter Acworth against an award of punitive damages as a

28  matter of law.

130.   An actual controversy has arisen and now exists between Atain, on the one hand, and Armory Studios, LLC and Peter Acworth, on the other hand, concerning their respective rights and duties under the Atain Policies and applicable law.  Atain denies that it is obligated to indemnify Armory Studios, LLC or Peter Acworth in the *Rodgers* Action, or otherwise. Atain contends that coverage for indemnification of Armory Studios, LLC and Peter Acworth is precluded by reason of the terms, conditions, provisions, definitions, limitations and exclusions set forth within the Atain Policies. Atain further contends that it is not obligated to pay any portion of any settlement or judgment that may be rendered against Armory Studios, LLC or Peter Acworth in the *Rodgers* Action.

131.   Atain is informed and believes that Armory Studios, LLC and Peter Acworth dispute all of Atain's contentions and that Armory Studios, LLC and Peter Acworth contend that Atain is obligated to indemnify them with respect to the *Rodgers* Action.

132.   Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify Armory Studios, LLC or Peter Acworth.

133.   Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain, Armory Studios, LLC, and Peter Acworth may ascertain their respective rights and duties under the Atain Policies.  Such controversy is incapable of resolution without judicial adjudication.

134.   If the Court determines there is coverage under the Atain Policies for some, but not all, of the claims asserted against Armory Studios, LLC and Peter Acworth in the *Rodgers* Action, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any settlement or judgment.

## FIFTH CAUSE OF ACTION

**(Declaratory Judgment – No Duty to Defend Defendants in *Adams* Action)**

135.   For its fifth cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1 to 75 above.

136.   In order to fall within the scope of the Coverage A insuring agreement contained

1   in each of the Atain Policies, the "bodily injury" must occur during the policy period, and prior to

2   that policy period, no insured or authorized employee of the insured must know that the "bodily

3   injury" had occurred, or begun to occur, in whole or in part.  Under the terms of the Coverage A

4   insuring agreement, if the insured and its authorized employee knew, prior to the policy period,

5   that the "bodily injury" had occurred, then any continuation, change or resumption of that "bodily

6   injury" during or after the policy period will be deemed to have been known by the insured prior

7   to the policy period.

8        137.    The *Adams* Complaint alleges that Cameron Adams was injured on July 31, 2013

9   and learned of her HIV diagnosis and other injuries in August of 2013.  The allegations in the

10  *Adams* Complaint indicate that Adams reported her diagnosis to the defendants, or that the

11  defendants were otherwise notified of her diagnosis, prior to February of 2014. Accordingly,

12  under the terms of the Coverage A insuring agreement, all of the claims asserted against Armory

13  Studios, LLC and Peter Acworth are deemed to have occurred during the April 30, 2013-2014

14  policy period, that policy designated as Atain Policy No. CIP18368401.

15       138.    For the foregoing reasons, the claims asserted against Armory Studios, LLC and

16  Acworth do not fall within the insuring agreements of Atain Policy Nos. LGBGL72135,

17  LGBGL72135R1, CIP107499, or CIP133684, those policies covering the policy periods of April

18  30, 2009 –April 30, 2013.

19       139.    For the foregoing reasons, the existence, continuation or worsening of Cameron

20  Adams' condition falls outside the scope of the Coverage A insuring agreement in Policy No.

21  CIP13368402, which applies to the April 30, 2014-2015 policy period and Policy No.

22  CIP248269, which applied to the April 30, 2015-2016 policy period.

23       140.    For the reasons outlined above, Atain contends that it has no duty to defend

24  Armory Studios, LLC or Peter Acworth in the *Adams* Action under Atain Policy Nos.

25  LGBGL72135, LGBGL72135R1, CIP107499, CIP133684, CIP13368402, or CIP248269.

26       141.    Each of the Atain Policies includes a "Physical and Sexual Abuse" exclusion,

27  which precludes coverage for suits, liability, claims and causes of action "arising out of or

28  resulting from . . . sexual behavior intended to lead to or culminating in any sexual act, whether

COMPLAINT FOR DECLARATORY                       28                    CASE NO. 3:15-CV-5124
JUDGMENT AND REIMBURSEMENT

1  caused by, or at the instigation of, or at the direction of, or omission by . . . the insured or the

2  insured's employees; . . . [p]atrons of the insured's business" or agents of the insured.

3      142.    The *Adams* Complaint asserts that Armory Studios, LLC and Mr. Acworth in his

4  capacity as the sole member of Armory Studios, LLC are liable for the sexual acts which resulted

5  in the harm to Cameron Adams.  The *Adams* Complaint also asserts that Cameron Adams

6  contracted HIV from being forced to engage in sexual acts with patrons of the Armory.

7  Accordingly, the Physical and Sexual Abuse exclusion in each of the Atain Policies applies to

8  eliminate any potential or actual coverage for the claims asserted in the *Adams* Complaint.

9      143.    For the foregoing reasons, Atain contends that it has no duty to defend Armory

10  Studios, LLC or Peter Acworth in the *Adams* Action under any of the Atain Policies.

11      144.    Atain Policy Nos. LGBGL72135, LGBGL72135R1, CIP107499, CIP133684,

12  CIP13368401, and CIP13368502 exclude coverage for "bodily injury" arising from assault and

13  battery committed by the insured or any other person, the failure to prevent assault and battery by

14  the insured or any other person, assault and battery arising from the negligent hiring, supervision,

15  or training of the insured's employees, and assault and battery arising out of the negligent,

16  reckless or wanton conduct of the insured, the insured's patrons, or any other persons at or near

17  the premises owned or occupied by the insured.

18      145.    The *Adams* Complaint asserts a cause of action for Battery against Armory

19  Studios, LLC and Acworth.  The Assault and Battery exclusion applies to bar coverage for

20  Cameron Adams' cause of action for Battery.

21      146.    For the foregoing reasons, Atain contends that it has no duty to defend Armory

22  Studios, LLC or Peter Acworth in the *Adams* Action under the Atain Policies.

23      147.    The Atain Policies limit coverage to "bodily injury" and "personal injury" arising

24  out of the ownership, maintenance, or use of the premises shown in the Schedule and operations

25  necessary or incidental to those premises.  The specific allegations of the *Adams* Complaint assert

26  that Ms. Adams sustained injuries at a bar located in the Mission District of San Francisco, away

27  from the premises owned by Armory Studios, LLC and insured under the Atain policies.

28      148.    To the extent that Cameron Adams was injured at a location other than the location

insured under the Atain Policies, there is no potential or actual coverage for the claims asserted in the *Adams* Action.

149.     For the foregoing reasons, Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Adams* Action under the Atain Policies.

150.     The Atain policies preclude coverage for "bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and in the course of any employment by, or service to, the insured for which the insured may be held liability as an employer or in any other capacity.

151.     The *Adams* FAC alleges that Cameron Adams was employed by, or contracted with, Armory Studios, LLC.

152.     To the extent that Cameron Adams was an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of Armory Studios, LLC at the time he sustained "bodily injury" alleged in the *Adams* Complaint, the Employer's Liability exclusion, as modified by the Employees, Subcontractors, Independent Contractors, Leased Workers or Volunteers endorsement, eliminates any potential or actual coverage for the claims asserted in the *Adams* Action.

153.     For the foregoing reasons, Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Adams* Action under any of the Atain Policies.

154.     The Atain Policies provide "personal and advertising liability" coverage, caused by one or more specifically enumerated offenses, pursuant to the Coverage B insuring agreement. set forth in Coverage B

155.     The claims asserted against Armory Studios, LLC and Peter Acworth in the *Adams* Action do not fall within the Atain Policies' Coverage B insuring agreement because they do not constitute claims arising out of any of the enumerated "offenses" that comprise "personal and advertising injury" as defined in the Atain Policies.  As a result, there is no potential for coverage under this portion of the Atain Policies.

156.    For the foregoing reasons, Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Adams* Action under any of the Atain Policies.

157.    An actual controversy has arisen and now exists between Atain, on the one hand, and Armory Studios, LLC and Peter Acworth, on the other hand, concerning their respective rights and duties under the Atain Policies and applicable law.  Atain contends that it has no duty to defend Armory Studios, LLC or Peter Acworth in the *Adams* Action.  Atain is informed and believes that Armory Studios, LLC and Peter Acworth dispute all of Atain's contentions and that Armory Studios, LLC and Peter Acworth contend that Atain is obligated to afford them a defense pursuant to the terms of the Atain Policies.

158.    Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend Armory Studios, LLC or Peter Acworth with respect to any claim against them in the *Adams* Action.

159.    Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain, Armory Studios, LLC, and Peter Acworth may ascertain their respective rights and duties under the Atain Policies.  Such controversy is incapable of resolution without judicial adjudication.

160.    If the Court determines there is coverage under the Atain Policies for some, but not all, of the claims asserted against Armory Studios, LLC and Peter Acworth in the *Adams* Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if any, and reserves the right to seek reimbursement from Armory Studios, LLC and Peter Acworth of any defense expenditures allocated to non-covered claims

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment – No Duty to Indemnify Defendants in *Adams* Action)

161.    For its fourth cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1 to 75 and 135 to 160, above

162.    For the reasons set forth above, the Atain Policies do not afford coverage for any potential judgment that may be rendered against Armory Studios, LLC or Peter Acworth in the

1  *Adams* Action or for any settlement that might be entered in connection therewith.  Therefore, the

2  claims asserted against Armory Studios, LLC and Peter Acworth in the *Adams* Action do not

3  trigger a duty to indemnify either Armory Studios, LLC or Peter Acworth.

4        163.    In addition, the *Adams* Complaint asserts a claim for punitive damages against

5  Armory Studios, LLC and Peter Acworth.  California Insurance Code section 533 and the

6  "Punitive Damages" exclusion contained in Atain Policy Nos.  LGBGL72135, LGBGL72135R1,

7  CIP107499, CIP133684, CIP13368401, and CIP13368402, preclude Atain from indemnifying

8  Armory Studios, LLC or Peter Acworth against an award of punitive damages.  Atain has no duty

9  to indemnify Armory Studios, LLC or Peter Acworth against an award of punitive damages as a

10  matter of law.

11        164.    An actual controversy has arisen and now exists between Atain, on the one hand,

12  and Armory Studios, LLC and Peter Acworth, on the other hand, concerning their respective

13  rights and duties under the Atain Policies and applicable law.  Atain denies that it is obligated to

14  indemnify Armory Studios, LLC or Peter Acworth in the *Adams* Action, or otherwise. Atain

15  contends that coverage for indemnification of Armory Studios, LLC and Peter Acworth is

16  precluded by reason of the terms, conditions, provisions, definitions, limitations and exclusions

17  set forth within the Atain Policies. Atain further contends that it is not obligated to pay any

18  portion of any settlement or judgment that may be rendered against Armory Studios, LLC or

19  Peter Acworth in the *Adams* Action.

20        165.    Atain is informed and believes that Armory Studios, LLC and Peter Acworth

21  dispute all of Atain's contentions and that Armory Studios, LLC and Peter Acworth contend that

22  Atain is obligated to indemnify them with respect to the *Adams* Action.

23        166.    Atain therefore desires a judicial determination of its rights and liabilities, if any,

24  and a declaration that it has no duty to indemnify Armory Studios, LLC or Peter Acworth.

25        167.    Such declaration is necessary and appropriate because Atain has no plain, speedy

26  or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

27  Such a declaration is appropriate in order that Atain, Armory Studios, LLC, and Peter Acworth

28  may ascertain their respective rights and duties under the Atain Policies.  Such controversy is

1   incapable of resolution without judicial adjudication.

2          168.    If the Court determines there is coverage under the Atain Policies for some, but not

3   all, of the claims asserted against Armory Studios, LLC and Peter Acworth in the *Adams* Action,

4   Atain is entitled to and desires an allocation between covered and non-covered claims for

5   payment of any settlement or judgment.

6                                    **SEVENTH CAUSE OF ACTION**

7      **(Reimbursement of Defense Fees and Costs and Indemnity – Against All Defendants)**

8          169.    For its seventh cause of action, Atain incorporates herein by reference, as if fully

9   restated, paragraphs 1 to 168, above.

10         170.    In light of the fact that all of the costs and fees incurred in the defense of Armory

11  Studios, LLC and Peter Acworth in the Underlying Actions and any indemnity which may be

12  paid in connection with a resolution or judgment in the Underlying Actions are not the

13  responsibility of Atain inasmuch as there is no coverage for the Underlying Actions and/or any

14  such coverage is excluded, Atain is entitled to a full and complete reimbursement from Armory

15  Studios, LLC and Peter Acworth of all such fees, costs, and indemnity paid, incurred, or to be

16  incurred, in connection with the Underlying Actions.

17         171.    Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), and

18  *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to

19  recover damages from Armory Studios, LLC and Peter Acworth by way of reimbursement of all

20  fees, costs, and indemnity incurred or to be incurred in connection with the Underlying Actions in

21  a sum which will be proved at trial.

22                                       **PRAYER FOR RELIEF**

23      WHEREFORE, plaintiff Atain prays for relief as follows:

24         1.      For a judgment that, by reason of the terms, conditions, and exclusions in the Atain

25  Policies, no duty to defend is owed to Armory Studios, LLC or Peter Acworth with respect to any

26  claim asserted against them in the *Doe* Action, as set forth in the first cause of action herein;

27         2.      For a judgment that, by reason of the terms, conditions, and exclusions in the Atain

28  Policies, no duty to indemnify is owed to Armory Studios, LLC or Peter Acworth in connection

1    with the *Doe* Action, as set forth in the second cause of action herein;

2          3.       For a judgment that, by reason of the terms, conditions, and exclusions in the Atain

3    Policies, no duty to defend is owed to Armory Studios, LLC or Peter Acworth with respect to any

4    claim asserted against them in the *Rodgers* Action, as set forth in the third cause of action herein;

5          4.       For a judgment that, by reason of the terms, conditions, and exclusions in the Atain

6    Policies, no duty to indemnify is owed to Armory Studios, LLC or Peter Acworth in connection

7    with the *Rodgers* Action, as set forth in the fourth cause of action herein;

8          5.       For a judgment that, by reason of the terms, conditions, and exclusions in the Atain

9    Policies, no duty to defend is owed to Armory Studios, LLC or Peter Acworth with respect to any

10   claim asserted against them in the *Adams* Action, as set forth in the fifth cause of action herein;

11         6.       For a judgment that, by reason of the terms, conditions, and exclusions in the Atain

12   Policies, no duty to indemnify is owed to Armory Studios, LLC or Peter Acworth in connection

13   with the *Adams* Action, as set forth in the sixth cause of action herein;

14         7.       For a judgment that Atain is entitled to restitution and reimbursement from

15   Armory Studios, LLC and Peter Acworth for any and all sums expended in defense or settlement

16   of the Underlying Actions, as set forth in the seventh cause of action herein;

17         8.       If this Court declares that the Atain Policies apply to some but not all of the claims

18   asserted in the Underlying Action, a declaration allocating between covered and non-covered

19   claims all fees, costs, expenses, settlements and/or judgments made in connection with the

20   Underlying Action;

21         9.       On all causes of action, for interest, including prejudgment interest;

22         10.      On all causes of action, for costs herein; and

23         11.      For such other and further relief as this Court deems just and proper.

24   Dated: November 9, 2015                    ARCHER NORRIS

25

26                                             /s/ *GailAnn Y. Stargardter*
                                               GailAnn Y. Stargardter
27                                             Andrew J. King
                                               Attorneys for Plaintiff ATAIN SPECIALTY
28                                             INSURANCE COMPANY

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Atain hereby demands a jury

3   trial for this action.

4   Dated: November 9, 2015                ARCHER NORRIS

5

6                                          /s/ *GailAnn Y. Stargardter*

                                           GailAnn Y. Stargardter
7                                          Andrew J. King
                                           Attorneys for Plaintiff
8                                          ATAIN SPECIALTY INSURANCE
                                           COMPANY
9

10   ATA119/2270526-1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28