UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ARMORY STUDIOS, LLC, et al.,<br><br>Defendants. | Case No. 15-cv-05124-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

This is a declaratory judgment action brought by an insurer, Atain Specialty Insurance Company, against two insureds, Armory Studios, LLC and Peter Acworth. Plaintiff's motion for summary judgment is granted. Dkt. No. 39.

**BACKGROUND**

There are three underlying California state court actions that are at issue in this case, all pending in the San Francisco Superior Court: (1) *John Doe v. Kink.com et al.*, Case No. CGC-15-545540; (2) *Joshua Rodgers v. Kink.com et al.*, Case No. CGC-15-547036; and (3) *Cameron Adams v. Kink.com et al.*, Case No. CGC-15-547035.

Armory Studios, LLC and Peter Acworth are named defendants in all three cases. They tendered defense and indemnity to their insurer, plaintiff Atain Specialty Insurance Company, pursuant to a commercial general liability insurance policy. Atain accepted the defense of Armory and Acworth for all three actions subject to a reservation of rights.

Atain sued here for a declaration that it has no duty to defend or indemnify Armory or Acworth for any of the three actions. Atain also seeks reimbursement of the defense fees and costs it has incurred and any indemnity which may be paid in connection with a resolution or judgment in the underlying actions. Dkt. No. 1. Armory and Acworth have asserted

1 counterclaims against Atain for breach of contract, breach of the implied covenant of good faith
2 and fair dealing, and reformation. Dkt. No. 30.

**DISCUSSION**

**I.  DECLARATORY JUDGMENT AND REIMBURSEMENT CLAIMS**

Atain has issued a number of consecutive insurance policies to Armory Studios over the years, but the parties agree that the operative agreement is Policy No. CIP133684001. Dkt. No. 39 at 13-15, Dkt. No. 44 at 7; *see* Dkt. Nos. 40, 40-2, 40-5. The parties also agree that Armory, as the named insured, has met its burden of proving that the claims asserted in the *Doe*, *Rodgers*, and *Adams* actions are potentially within the coverage provided by the Atain policy. Dkt. No. 39 at 21. What the parties dispute is whether Atain, as the insurer, has met its burden of proving that the underlying claims "cannot come within the policy coverage by virtue of the scope of the insuring clause or the breadth of an exclusion." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993). For purposes of this motion the parties have focused on the policy's "Physical-Sexual Abuse Exclusion." Dkt. Nos. 39, 44.

As the exclusion states: "This insurance does not apply to any 'occurrence,' suit, liability, claim, demand or causes of action arising out of or resulting from . . . sexual abuse . . . or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by: (a) The insured or the insured's employees; (b) Patrons of the insureds' business; (c) Agents of the insured; (d) 'Volunteer workers'; (e) Subcontractor or employee of any subcontractor; (f) 'Independent contractor' or employee of any 'independent contractor'; or (g) 'Leased worker.'" Dkt. No. 40-2 at ECF p. 59.

The language of this exclusion is not ambiguous in the context of this policy and the circumstances of this case. *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 868 (1993). There are not "two or more constructions, both of which are reasonable." *Id.* at 867. While defendants say that Armory "reasonably understood that its insurance would cover all injury claims occurring at the premises, even if the injury was somehow related to Cybernet's business," Dkt. No. 44 at 20, that is not a "competing construction" of the exclusion, let alone a

2

"reasonable" one. Because the contractual language is clear and explicit, it governs. *State v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1018 (2009).

The Physical-Sexual Abuse Exclusion maps on to the underlying claims here in a straightforward way. All three of the plaintiffs in the underlying cases allege that they contracted and tested positive for the HIV virus after engaging in sexual activity at a pornographic video shoot. Dkt. No. 44 at 2-5; *see* Dkt. No. 43, Exs. A, B, C.[1] The shoots were organized by Cybernet Entertainment, LLC, which is in the internet pornography film business. Dkt. No. 44 at 1. Cybernet leases a building from Armory Studios, LLC, and uses those premises for the pornographic shoots. *Id*. Acworth is Armory's managing member. *Id*. Cybernet is not a party to this case and is not alleged to have been insured by the Atain policy. Only Armory and Acworth are here in that capacity, and the claims asserted against them in the state court actions are negligence, negligence per se, negligent supervision, negligent hiring and/or retention, and premises liability. *Id*. at 5-6. These claims allege, for example, that Armory and Acworth proximately caused plaintiffs' injuries by failing to inspect all performers for cuts, sores and lesions, and by failing to observe universal precautions to prevent contact with blood or other potentially infectious materials. *Id*. Another of the claims asserted against Armory and Acworth is for premises liability, which alleges that they failed their duty to conduct a reasonable inspection of the premises, which would have revealed to them conduct that created an unreasonable risk of harm to plaintiffs. *Id*.

Nevertheless, as defendants acknowledge, there is a single injury asserted in each of the underlying cases: the contraction of the HIV virus. Dkt. No. 44 at 23. There can be no serious dispute that plaintiffs would not have contracted the virus but for their sexual activity during the shoots. Consequently, it cannot seriously be debated that even the claims and causes of action against Armory and Acworth are ones that "aris[e] out of . . . sexual behavior intended to lead to, or culminating in any sexual act, . . . caused by . . . omission by . . . [t]he insured or the insured's employees." As such, the claims fall squarely under the Physical-Sexual Abuse Exclusion.

---

[1] The Court grants the requests for judicial notice, Dkt. Nos. 43, 48, and overrules Atain's evidentiary objections, Dkt. No. 49 at 3-4.

3

Because the language of the exclusion and its interpretation in the context of this case is clear and unambiguous, defendants' arguments about their reasonable expectations and subsequent modifications to the exclusion are irrelevant. Dkt. No. 44 at 1-2. The Court also rejects defendants' arguments based on the concurrent cause doctrine. *Id*. at 2. There are not "two or more independent causes" at issue here. *Id*. at 22. The alleged failures by Armory and Acworth are not "totally independent" causes of plaintiffs' injuries, *i.e.*, their contraction of the HIV virus. *Farmers Ins. Exch. v. Superior Court*, 220 Cal. App. 4th 1199, 1212 (2013). Rather, the essential instrumentality and cause of the alleged injury was engagement in sexual acts, for which coverage is excluded. That analytical difference makes this case much more like *Farmers Insurance Exchange*, 220 Cal. App. 4th 1199, and unlike cases such as *State Farm Mutual Automobile Insurance Company v. Partridge*, 10 Cal. 3d 94 (1973).

Defendants' arguments that the conduct they are alleged to have engaged in "does not constitute sexual abuse or sexual behavior" and that the alleged sexual behavior was instead that of insured's tenant (*i.e.*, Cybernet), Dkt. No. 44 at 1, are similarly non sequiturs in light of the clear language of the exclusion. The exclusion does not require the sexual behavior to have been perpetrated by the insured in order to apply.

The Court consequently concludes that Atain has met its burden and is entitled to summary judgment on all of its claims. Where there is no possibility of coverage, there is no duty to defend. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 19 (1995). Atain has demonstrated, by reference to undisputed facts, that the claims are not covered because they fall under the scope of the Physical-Sexual Abuse Exclusion. *Montrose Chem.*, 6 Cal. 4th at 300-01.

Enforcing this clear policy language will not render the promised coverage illusory. *See* Dkt. No. 44 at 23-25. As Atain has expressly acknowledged, the example given by defendants -- of a videographer being injured by a falling brick while filming a sex scene -- is in fact an example of exactly the kind of injury that would be covered by Atain's insurance policy. Dkt. No. 49 at 14-15. There are clearly "occurrences" that would still be covered despite the existence of the Physical-Sexual Abuse Exclusion, and this defeats defendants' illusoriness argument. *See*

4

*Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86, 94-95 (2002) ("An agreement is illusory and there is no valid contract when one of the parties assumes no obligation.").

## II. DEFENDANTS' COUNTERCLAIMS

Atain has also moved for summary judgment on all three of defendants' counterclaims against it. Dkt. No. 39 at 24-25. Defendants' main argument in opposition is a procedural objection, Dkt. No. 44 at 25, which is not well-taken. Given the overlap with the Physical-Sexual Abuse Exclusion issues the parties were directed to address, it is perfectly appropriate and efficient to take up these counterclaims in the context of this summary judgment motion. And because Atain has now proceeded to a summary judgment motion on defendants' counterclaims, Atain's motion to dismiss the counterclaims is moot. Dkt. No. 32.

Because there is no insurance coverage for the claims asserted against defendants in the underlying state cases, defendants' breach of contract counterclaim also fails -- there is no contractual obligation for coverage. The same goes for the good faith and fair dealing counterclaim, which defendants don't address substantively at all. *See Waller*, 11 Cal. 4th at 35-36; *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990).

Summary judgment is appropriate for Atain on defendants' counterclaim for reformation also. That Atain generally knew of "Cybernet's tenancy and its business activities at the premises" is not enough to support a reformation claim. Dkt. No. 44 at 25. While defendants argue that it is reasonable to infer from that general knowledge "that Atain knew or suspected that Armory intended the Policy would cover claims related to Cybernet's adult pornography business," *id*., this is entirely too vague and conclusory. *See generally Am. Home Ins. Co. v. Travelers Indm. Co.*, 122 Cal. App. 3d 951, 962-66 (1981).

## CONCLUSION

The Court grants Atain's summary judgment motion in full. Dkt. No. 39. The parties are directed to meet and confer to make an appropriate filing to determine the monetary amount that should be awarded to Atain for its reimbursement claim. The parties should make every effort to file a stipulation on the amount by **February 2, 2018**, but if that is not possible for some unexpected reason, the parties may submit a joint status statement outlining any disputes between

5

the parties and a proposed briefing schedule to resolve those disputes. Judgment will be entered for Atain after the amount of the monetary award has been fixed.

**IT IS SO ORDERED.**

Dated: December 15, 2017

JAMES DONATO
United States District Judge